IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SIXTO FIGUEROA,              ) | |
|                              ) | |
|    Petitioner,    ) | |
|                              ) | |
| v.                           ) | Civil Action No. 2:15cv404-WKW |
|                              ) | (WO) |
| UNITED STATES OF AMERICA,    ) | |
|                              ) | |
|    Respondent.    ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Before the court is a *pro se* pleading labeled by petitioner Sixto Figueroa ("Figueroa") as a "Verified Complaint for Declaratory Judgment." Doc. No. 1 at 1. In this pleading, Figueroa attacks his convictions for bank fraud and conspiracy to commit bank fraud obtained following a jury trial in the United States District Court for the Southern District of Florida. *See United States v. Figueroa*, Criminal Case No. 09cr20610-JAL (S.D. Fla.). In October 2010, that court sentenced Figueroa to 71 month in prison. Figueroa appealed, and on August 29, 2012, the Eleventh Circuit affirmed his convictions and sentence. *United States v. Figueroa*, 488 F. App'x 412 (11th Cir. 2012). In August 2013, Figueroa filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the court of conviction. *See Figueroa v. United States*, Civil Action No. 1:13cv22952-JAL (S.D. Fla.), Doc. No. 1. That court denied Figueroa's § 2255 motion on December 3, 2014, finding his claims to be procedurally barred, meritless, or too vague and conclusory to support relief.

*See id.*, Doc. Nos. 14 & 17.

## II.  DISCUSSION

Figueroa asserts claims attacking his convictions and sentence entered by the United States District Court for the Southern District of Florida.[1]  Although Figueroa styles his pleading as a "Verified Complaint for Declaratory Judgment," the law directs that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and/or sentence imposed by a federal court.[2]  *See* 28 U.S.C. § 2255(a) and (e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981).  The court therefore finds that Figueroa's pleading is of the same legal effect as – and should be construed as – a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  *See United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) (federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

Section 2255 motions must be filed in the court imposing sentence.  28 U.S.C.

---

[1] In particular, Figueroa asserts that (1) the Government failed to establish federal jurisdiction with evidence that the financial institution at issue was federally insured at the time of the offense, and (2) the district court lacked jurisdiction over the prosecution because the loans in question were not federally related.  Doc. No. 1 at 4-13.

[2] Despite his own labeling of his pleading, Figueroa states in the body of the pleading that it "is a new 2255 [motion]."  Doc. No. 1 at 2.  In any event, a federal inmate seeking collateral relief from a conviction and sentence cannot do so through an action for a declaratory judgment.  *See, e.g., United States v. Gutierrez*, 116 F.3d 412, 416 (9th Cir. 1997) ("Because the Declaratory Judgment Act is not a substitute for a § 2255 motion to correct a sentence, we affirm the district court's decision to deny [the federal prisoner's] motion for declaratory relief.").

§ 2255(a); Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts; *see Medberrry v. Crosby*, 351 F.3d 1049, 1057 (11th Cir. 2003) (explaining that § 2255 alleviated procedural difficulties "by directing prisoners to file the motion in the court where they were convicted"). Consequently, this court lacks jurisdiction to hear Figueroa's § 2255 motion, and his motion challenging his convictions and sentence should have been filed in the United States District Court for the Southern District of Florida.

Instead of dismissing a § 2255 motion filed in the wrong district, a district court lacking jurisdiction over a case may transfer the case to the proper district "if it is in the interest of justice" to do so. 28 U.S.C. § 1631. It appears that Figueroa filed his § 2255 motion in this court, calling it a "Verified Complaint for Declaratory Judgment," in an attempt to circumvent the constraints on successive § 2255 motions set forth in 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h).[3] Figueroa seems to be aware that there are special rules applicable to second or successive § 2255 motions, as he alludes to them in his pleading. *See* Doc. No. 1 at 2. Further, various statements in his pleading, including his references to "the original 2255 motion," also suggest that he recognizes the instant motion to be his second § 2255 motion. *See id*. The court notes that Figueroa presented the very claims he now presents in

---

[3] A second or successive § 2255 motion in the district court requires the petitioner first to secure from the appropriate court of appeals an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

his original § 2255 motion. Figueroa has simply chosen to file a second § 2255 motion in a different (to his mind more favorable) forum,[4] dressing it up as a "Verified Complaint for Declaratory Judgment" and seeking a second bite of the apple. It thus appears to be an improper attempt to relitigate prior claims.

As noted, Figueroa previously filed a § 2255 motion in the court of conviction, the United States District Court for the Southern District of Florida, and that court denied the § 2255 motion. There is no indication that Figueroa obtained an order from the Eleventh Circuit authorizing the district court to consider a second a successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A). Therefore, his instant § 2255 motion would constitute a successive § 2255 motion filed without authorization by the Eleventh Circuit.

In *Phillips v. Seiter*, 173 F.3d 609 (7th Cir. 1999), a petitioner filed in the wrong court a § 2255 motion styled as a § 2241 habeas corpus petition. The court of appeals found that, in deciding whether the interest of justice warrants transfer of such a case under 28 U.S.C. § 1631 rather than its dismissal, a district court may consider whether the case would be a "sure loser" in the court where jurisdiction properly lies – in which case, transfer is not in the interest of justice. *Id*. at 611. "[I]f a peek at the merits reveals that the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the court in which it is initially filed—the court that does not have jurisdiction—should dismiss the case rather

---

[4] Not only was Figueroa convicted and sentenced by a federal court sitting in a different district, in a different state (i.e., the Southern District of Florida), but he is not even housed in a federal prison located in the Middle District of Alabama (or in any other district of Alabama, for that matter). It is clear that he filed his pleading in this court based purely on forum shopping.

than waste the time of another court." *Id*.

Here, because Figueroa's § 2255 motion would constitute a successive § 2255 motion filed without authorization by the Eleventh Circuit and thus would be a "sure loser" if filed in the court of conviction, this court finds that the interest of justice does not warrant a transfer of Figueroa's motion to the United States District Court for the Southern District of Florida. A further consideration weighing against a finding that transfer is in the interest of justice is the evidence indicating that Figueroa's filing in the wrong venue is not in good faith, but rather is a transparent attempt to evade the constraints on successive § 2255 motions. *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) ("When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors."). Finally, the court finds that Figueroa will not be prejudiced by dismissal of this case rather than a transfer, as such dismissal does not prejudice Figueroa's ability to seek review of his convictions and sentence by proper procedural avenues.

### III.  CONCLUSION

Accordingly, it is RECOMMENDED that Figueroa's § 2255 motion be DISMISSED, as this court lacks jurisdiction to hear his challenge to his convictions and sentence entered by the United States District Court for the Southern District of Florida and transfer of the case to that court is not in the interest of justice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 25, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 11th day of June, 2015.

                              /s/ Wallace Capel, Jr.
                              WALLACE CAPEL, JR.
                              UNITED STATES MAGISTRATE JUDGE