IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SIXTO FIGUEROA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-404-WKW |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

### **ORDER**

On June 11, 2015, the Magistrate Judge filed a Recommendation (Doc. # 2), to which Petitioner Sixto Figueroa filed a timely Objection (Doc. # 3). Upon an independent and *de novo* review of those portions of the Recommendation to which objection is made, the Objection is due to be overruled, the Recommendation is due to be adopted, and Mr. Figueroa's action is due to be dismissed for lack of jurisdiction.

On June 3, 2015, Mr. Figueroa filed a "Verified Complaint for Declaratory Judgment" (Doc. # 1), in which he alleges that he was "prosecuted and sentenced by a district court without subject-matter jurisdiction and in violation of his constitutional rights." (Doc. # 1, at 1.) In light of the alleged jurisdictional and evidentiary inadequacies of his criminal prosecution, Mr. Figueroa argues that the judgment against him is void.

Reviewing Mr. Figueroa's Complaint, the Magistrate Judge determined that, while cast as a request for a declaratory judgment, Mr. Figueroa, in all practical respects, was attacking his criminal conviction and that 28 U.S.C. § 2255 petitions "are the exclusive remedy for challenging the validity of a conviction and/or sentence imposed by a federal court." (Doc. # 2, at 2.) Evaluating Mr. Figueroa's pleading under the § 2255 framework, the Magistrate Judge recommended that Mr. Figueroa's case be dismissed for lack of jurisdiction as the statute dictates that § 2255 motions be filed in the court that imposed the applicable sentence, which in this case was the United States District Court for the Southern District of Florida and not the United States District Court for the Middle District of Alabama.

In response to the Magistrate Judge's Recommendation, Mr. Figueroa filed an Objection, in which vehemently argues that he is not seeking to bring a successive § 2255 challenge, but is instead bringing a distinct and separate declaratory action. He specifically notes that he is not challenging his conviction or sentence but the subject-matter jurisdiction of the district court in which he was convicted and that a declaratory-judgment action is a proper avenue for challenging the subject-matter jurisdiction of the court that entered the judgment of conviction. As explained below, Mr. Figueroa's objections are without merit.

As the Magistrate Judge properly determined, federal courts are obligated to "look behind the label of a motion filed by a *pro se* inmate" to determine the actual nature of the relief sought. *See United States v. Jordan*, 915 F.2d 622, 624–25 (11th

Cir. 1990). And while Mr. Figueroa argues that his challenge does not amount to a direct challenge to his conviction or sentence, the fictitious nature of this distinction is evidenced by the ultimate relief sought by Mr. Figueroa – a determination that, in light of jurisdictional and evidentiary inadequacies, the judgment of the United States District Court for the Southern District of Florida "is void." (Doc. # 1, at 1.) Moreover, Mr. Figueroa is not the first criminal defendant who has sought to challenge an element of his conviction through a motion for declaratory judgment, rather than through a § 2255 motion. When the former Fifth Circuit was tasked with reviewing a district court's dismissal of such a filing, it determined that the district court properly considered the motion as one brought under § 2255. *Coronado v. United States*, 341 F.2d 918, 919 (5th Cir. 1965).[1]

Accordingly, it is ORDERED as follows:

1. Mr. Figueroa's Objection (Doc. # 3) is OVERRULED.

2. The Recommendation (Doc. # 2) is ADOPTED.

3. Mr. Figueroa's § 2255 motion is DISMISSED for lack of jurisdiction.

A final judgment will be entered separately.

DONE this 17th day of July, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *See* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).